IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SARAH COURTNEY CENTER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CATHOLIC WORKER HOUSE,<br><br>　　　　Defendant. | No. 19-CV-0028-CJW-KEM<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Sarah Courtney Center, proceeding pro se, has failed to respond to any of Defendant Catholic Worker House's written discovery requests. *See* Docs. 19, 21. On January 3, 2020, Catholic Worker House moved to compel Center to respond, and after Center failed to resist, the court granted the motion and ordered Center to respond to written discovery by February 7, 2020. Docs. 19, 20. In the order, the court warned Center that failure to do so could result in sanctions, including dismissal of this action.

Despite being ordered to do so, Center has still failed to comply with her discovery obligations. Doc. 21. She also failed to appear at her scheduled deposition. *Id.* Catholic Worker House filed a motion for sanctions, requesting this action be dismissed based on Center's failure to comply with its discovery requests and the court's prior order. Doc. 21. Center did not respond.

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party "fails to obey an order to provide . . . discovery," the court may:

> (i) direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) strik[e] pleadings in whole or in part;
> (iv) stay[] further proceedings until the order is obeyed;

> (v) dismiss[] the action or proceeding in whole or in part;
> (vi) render[] a default judgment against the disobedient party; or
> (vii) treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"Dismissal under Rule 37 is permitted only where there is an order compelling discovery, a willful violation of the order, and prejudice." *Burgett v. Gen. Store No Two Inc.*, 727 F. App'x 898, 900 (8th Cir. 2018) (per curiam). The Eighth Circuit requires that the court "investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)). "If the violation is willful and in bad faith, then the appropriateness of dismissal as a sanction is 'entrusted to the sound discretion of the district court.'" *Burgett*, 727 F. App'x at 900 (quoting *Avionic Co.*, 957 F.2d at 558).

Here, the court ordered Center to comply with Catholic Worker House's written discovery requests, and Center failed to do so. She has not provided any justification for her failure to do so, as she has not responded to Catholic Worker House's motion for sanctions. Under these circumstances, I find that the violation of the discovery order was willful. The rules entitle Catholic Worker House to conduct discovery for a reason—to allow adequate preparation of its defense—and I find that Catholic Worker House is prejudiced by Center's failure to respond to any of its written discovery requests. *See Bergstrom*, 744 F.3d at 575 ("prejudice in the discovery context exists where adversary's failure to make discovery impairs litigant's ability to assess factual merits of a claim" (citing *Avionic Co.*, 957 F.2d at 559)). Given that Center failed to appear at her deposition, respond to the motion to compel, or respond to the motion for sanctions, it does not appear that Center intends to comply with this court's discovery order, and Center has provided no assurances that a lesser sanction will suffice. Thus, I find that dismissal of this action is appropriate under Federal Rule of Civil Procedure 37(b) as a

sanction for Center's failure to respond to Catholic Worker House's written discovery requests.

In addition, Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

"Under Rule 41(b), the focus is foremost on the egregiousness of the plaintiff's conduct, and only to a lesser extent on the prejudice to the defendant or the administration of justice in the district court." *Burgett*, 727 F. App'x at 900. "An action may be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court." *Id.* (quoting *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994)).

Center has failed to prosecute this action. She has not responded to Catholic Worker House's discovery requests, despite being ordered to do so, as well as warned that her failure to comply could result in dismissal of this action. She failed to appear at her deposition. And she did not respond to Catholic Worker House's motions to compel discovery or for sanctions. Docs. 19, 21. Accordingly, I find that dismissal with prejudice is appropriate under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

I recommend that the district court dismiss this action with prejudice.

**ENTERED** this 18th day of March, 2020.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
United States Chief Magistrate Judge
Northern District of Iowa